UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN DORENBOS,<br><br>               Petitioner,<br><br>   v.<br><br>PATRICIA GORMAN,<br><br>              Defendant. | CASE NO. C03-2984-JCC<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Petitioner Alan Dorenbos's Motion to reopen his petition for a writ of habeas corpus pursuant to Federal Rule of Civil Procedure 60(b)(5). (Dkt. No. 37.) For the following reasons, Petitioner's motion is DENIED.

## II. BACKGROUND

In 1992, Petitioner was convicted of second degree murder for the death of his wife, and he was sentenced to 164 months in confinement. (State Court Record (Dkt. No. 18) Ex. 1.) In April 2004, Petitioner was released from incarceration. (Mot. at 4.)

On October 23, 2003, while Petitioner's direct review was pending in state court, he filed his second habeas petition in this Court. (Dkt. No. 5.) This Court dismissed the petition for failure to

ORDER – 1

exhaust state remedies.  (Dkt. No. 27.)  In reaching that conclusion, the Court relied on a state superior court ruling from January 13, 2004 that denied several of Petitioner's state claims, but, pursuant to Petitioner's request, reserved ruling on his outstanding motion for a new trial.  (Mot. Exs. H, J.)  Petitioner then filed a personal restraint petition ("PRP") in the Washington Court of Appeals.  (*Id.* Ex. Q; *see also id.* Ex. I at 3.)  The court of appeals denied the PRP because it was procedurally untimely.  (Mot. Ex. I.)  In April 2006, the Washington Supreme Court denied Petitioner's motion for discretionary review.  (*Id.* Ex. R.)  On May 12, 2006, Petitioner filed this motion to reopen his October 23, 2003 federal habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(5).

## III. ANALYSIS

Federal Rule of Civil Procedure 60(b)(5) permits the Court to relieve a party from an order if a "prior judgment upon which [the order] is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."  *See California Med. Ass'n v. Shalala*, 207 F.3d 575, 577–78 (9th Cir. 2000) (prior judgment relieved where attorney's fee award was based on merits; reversal on merits removes underpinnings of fee award).  Petitioner contends that this Court "based" its decision to dismiss his habeas petition on the state superior court ruling, which held that he still had at least one outstanding claim in state court.  Petitioner reasons that since the state appellate and supreme courts later denied motions to review the superior court, then the superior court judgment was either reversed or vacated, which opens the door for reconsideration in this court under Rule 60(b)(5).  This Court disagrees.

This Court based its decision to dismiss Petitioner's habeas petition on his failure to exhaust state remedies as required by federal statutory and case law.  *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  The superior court ruling was evidence upon which this Court relied to conclude that Petitioner did not exhaust his state remedies.  The subsequent appellate and state court decisions expand the procedural history of Petitioner's case, but they do not reverse or vacate either the superior court ruling or the federal statutes and case law upon which this Court based its decision.  Even if the

ORDER – 2

1  Court agrees that its decision was solely "based on" the superior court decision, the terms of Rule

2  60(b)(5) require that the prior judgment be "reversed or otherwise vacated," which has not occurred

3  here.

4        This Court may also reopen cases for equitable reasons under Rule 60(b)(5). However, any

5  equitable reasons to reopen a prior habeas case are undercut by Petitioner's ability to file a *new* federal

6  habeas petition without violating the successive petition provision because Petitioner's two prior habeas

7  petitions were dismissed *without* prejudice. *See* 28 U.S.C. § 2244(b); *see also* C00-839Z, Order (Dkt.

8  No. 7) (denying Petitioner's first federal habeas petition without prejudice for failure to exhaust state

9  remedies); Order, (Dkt. No. 27) (denying Petitioner's second federal habeas petition without prejudice).

10  **IV.   CONCLUSION**

11        Finding no reason to reopen Petitioner's prior habeas petition pursuant to Federal Rule of Civil

12  Procedure 60(b)(5), this Court DENIES Petitioner's motion.

14        SO ORDERED this 17th day of August, 2006.

                                                    John C. Coughenour
                                                    United States District Judge

26  ORDER – 3